UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SPARKLE CORP.** | § | |
| **SPARKLE SIGN CO. INC.** | § | |
| **J&M LEASING, INC.** | § | |
| **BEHZAD INDUSTRIES OF TEXAS, INC.** | § | |
| | § | |
| **Plaintiffs** | § | **CAUSE NO: 2009-** |
| **VS.** | § | |
| | § | |
| | § | |
| **FIDELITY NATIONAL** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **Defendant** | § | **JURY TRIAL REQUESTED** |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Sparkle Corporation, Sparkle Sign Co., Inc, J&M Leasing, Inc., and Behzad Industries of Texas, Inc. (hereinafter "Plaintiffs" or collectively "Sparkle Sign"), file this Original Complaint against Fidelity National Insurance Company (the "Insurance Defendant" or "Fidelity"), and in support thereof, would show as follows:

### I. JURISDICTION:

1.   Jurisdiction is proper under Federal question and diversity. This case involves a foreign Defendant and the amount in controversy exceeds $75,000.00. In addition, this Court has jurisdiction pursuant to 42 U.S.C. Sec. 4072, the National Flood Insurance Program.

### II. VENUE:

2.   Venue is appropriate in Harris County, Texas because all or part of a tort was committed in Harris County, Texas, and the property which is the subject of this suit is located in Harris County, Texas.

### III. PARTIES:

3. Sparkle Sign Co. Inc, and J&M Leasing, Inc. are Texas corporations doing business in Texas.

4. Sparkle Corporation is a Delaware corporation doing business in Texas.

5. Behzad Industries of Texas, Inc. is a Texas corporation.

6. Defendant Fidelity may be served with process by Certified Mail Return Receipt Requested at: C T Corporation System  350 North St Paul Street Dallas, Texas 75201.  Request is made that summons be issued and held for pick up.

7. Defendant Fidelity is in the business of insurance in the State of Texas.  The insurance business done by Fidelity in Texas includes, but is not limited to, the following:

   A. The making and issuing of contracts of insurance with the Sparkle Sign;

   B. The taking or receiving of application for insurance, including the Sparkle Sign's application for insurance;

   C. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Sparkle Sign; and,

   D. The issuance or delivery of contracts of insurance to residents of this State.

### IV. BACKGROUND:

8. Defendant Fidelity sold insurance that covered flood  damage to Sparkle Sign. The actions alleged against the Insurance Defendant in this complaint were committed by the Insurance Defendant and/or its agents.  Sparkle Sign has owned and operated the business located at 7938 Wright Road, Houston, Texas 77041 (the "Property") for decades.

9. Defendant Fidelity provided coverage to Sparkle Sign for the business and the Property under insurance Policy number 42 2510001708 03 (the "Policy") and other policies for the period of August 17, 2008 through August 17, 2009. During the term of said Policy, on or

about September 13, 2008, Sparkle Sign suffered substantial damage as a result of flood. Sparkle Sign was devastated by the wind, rain and flood damage. Sparkle Sign promptly reported the devastation of its Property to the Insurance Defendant pursuant to the terms of the Policy.

10. After the Hurricane, Sparkle Sign provided open and continuous access to the Property, and provided information to the Insurance Defendant's adjuster and inspectors. The Insurance Defendant conducted a cursory investigation, and basically ignored the damage caused by the hurricane wind and subsequent water. After over ten months of half-hearted inspections and cursory investigations, the Insurance Defendant has informed Sparkle Sign that it intends to underpay the claim by offering only a fraction of the true loss.

### V. NATURE OF THE CASE; RELIEF SOUGHT

11. This is a first-party insurance coverage case stemming from total devastation to Sparkle Sign caused by wind, rain and flood. Sparkle Sign seeks a declaration that its Property, contents, code upgrades, and personal property, are covered by the insurance Policy issued by the Insurance Defendant. Sparkle Sign seeks damages for breach of contract. Sparkle Sign also seeks its attorney's fees, costs of court and pre- and post-judgment interest.

12. Sparkle Sign has performed all conditions precedent to its recovery under the Policy.

13. Sparkle Sign gave timely notice to the Insurance Defendant and filed a Proof of Loss.

14. The Insurance Defendant assigned the claim to the Adjuster to investigate, report on and adjust the loss.

15. Sparkle Sign provided information to the Insurance Defendant and the Adjuster, and opportunities for Insurance Defendant and the adjusters to inspect the damage to the building, property and third party property.

3

16. The Insurance Defendant has failed and refused to pay Sparkle Sign in accordance with its promises under the Policy.

17. The Insurance Defendant has failed to make an attempt to settle Sparkle Signs' claim in a fair manner, although its liability to Sparkle Sign under the Policy is without dispute.

18. The Insurance Defendant has failed to explain the reasons for its offer of an inadequate compensation. The Insurance Defendant has failed to offer Sparkle Sign adequate compensation without any explanation why full payment was not being made. The Insurance Defendant did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy.

19. The Insurance Defendant has failed to affirm or deny coverage within a reasonable time. Sparkle Sign did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from the Insurance Defendant in a timely manner.

20. The Insurance Defendant refused to fully compensate Sparkle Sign under the terms of the Policy even though the Insurance Defendant failed to conduct a reasonable investigation. The Insurance Defendant performed a result-oriented investigation of Sparkle Sign's claim which resulted in an unfair, biased and inequitable evaluation of Sparkle Sign's losses.

21. The Insurance Defendant failed to meet its obligations regarding timely acknowledging Sparkle Sign's claim, beginning investigation of Sparkle Sign's claim, and requesting all information reasonably necessary to investigate Sparkle Sign's claim within the time period mandated by statute.

22. The Insurance Defendant failed to accept or deny Sparkle Sign's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

23. The Insurance Defendant failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is a violation of Tex. Ins. Code Sec. 542.058.

## VI. CLAIMS AGAINST FIDELITY:

24. **Declaratory Judgment.** Sparkle Sign re-alleges the foregoing paragraphs. Pursuant to the Federal and Texas Declaratory Judgment Acts, Sparkle Sign is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible. Sparkle Sign requests a declaration that the Policy unambiguously covers the destruction of their Property. Alternatively, the Sparkle Sign requests a declaration that the Policy is ambiguous and must be interpreted in its favor.

25. **Breach of Contract.** Sparkle Sign re-alleges the foregoing paragraphs. The acts and omissions of the Insurance Defendant and its agents constitute a breach and/or anticipatory breach of the Insurance Defendant's contract with Sparkle Sign. Sparkle Sign has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Sparkle Sign brings an action for breach of contract against the Insurance Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, code upgrades, personal property damage, contents, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

26. **Violations of the Texas Insurance Code.** Sparkle Sign re-alleges the foregoing paragraphs. At all pertinent times, the Insurance Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the Insurance Defendant and its agents constitute one or more violations of the Texas Insurance Code. More

specifically, the Insurance Defendant has, among other violations, violated Insurance Code chapter 542, the Prompt Payment Act.

27.     **Attorney's fees.**  Sparkle Sign re-alleges the foregoing paragraphs.  Sparkle Sign has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against the Insurance Defendant through the trial court and all levels of the appellate process.  Sparkle Sign seeks the recovery of all of their attorney's fees and expenses.

28.     With respect to all causes of action asserted herein, Sparkle Sign seeks the recovery of prejudgment and post-judgment interest.

## VIII. CONDITIONS PRECEDENT:

29.     All conditions precedent for Sparkle Sign to recover under the Policy have been or will be met.

## IX. JURY DEMAND:

30.     Sparkle Sign requests that a jury be convened to try the factual issues in this action.

## X. PRAYER

WHEREFORE, Sparkle Corp., Sparkle Sign Co. Inc J&M Leasing, Inc. and Behzad Industries of Texas, Inc. seek the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Sparkle Sign;

C. Damages of at least $1,500,000.00 against the Insurance Defendant for breach of contract, including actual damages, consequential damages, property damages, business income

loss, damage to third party property covered by "care, custody and control insurance," code upgrades, personal property damage, attorneys' fees, penalties, pre- and post-judgment interest, other damages, litigation expenses and costs of court;

    D. Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

    and

    E. Sparkle Corp., Sparkle Sign Co. Inc J&M Leasing, Inc. and Behzad Industries of Texas, Inc. also seek all other relief and rulings to which they may be legally or equitably entitled.

    Respectfully submitted,

/s/ James L. Cornell
James L. Cornell
CORNELL & PARDUE
State Bar No. 04834800
jcornell@cornell-pardue.net
2727 Allen Parkway Suite 1675
Houston, Texas 77019
Telephone: (713) 526-0500
Facsimile: (713) 526-7974

Marc E. Gravely
State Bar No. 00787582
MATTHEW R. PEARSON
State Bar No. 00788173
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110
**Attorneys in charge for PLAINTIFFS**